**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4569

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CHARVEZ BROOKS, a/k/a Vito,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:18-cr-00408-JKB-3)

Submitted: October 28, 2022                     Decided: January 3, 2023

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Brent E. Newton, Gaithersburg, Maryland, for Appellant. Erek L. Barron, United States Attorney, Anatoly Smolkin, Assistant Attorney General, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Charvez Brooks appeals from his conviction, after a jury trial, of conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951(a). We affirm.

Brooks was charged with conspiracy and substantive robbery based on his alleged participation in the robbery of an Exxon gas station in Baltimore, Maryland, on January 16, 2018. The evidence at trial showed that coconspirator Jesse Elder alerted the third coconspirator, Levon Butts, when the victim—the gas station's owner—left the station with a bag of money to bring to the bank. Butts and another man, alleged to be Brooks, then approached the victim, snatched the bag, shoved the victim to the ground, and fled. The victim suffered serious physical and emotional trauma from the incident.

Butts and Elder were tied to the crime through DNA and cell-phone records, and both pleaded guilty. The case against Brooks rested on Elder's testimony implicating him alongside circumstantial evidence that Brooks was the owner of the getaway car; that he received a phone call from Elder after Elder's arrest warning him and asking him to warn Butts; that he fit the general physical description of the man who assisted Butts; and that Brooks allegedly posted a video on Instagram the day after the robbery showing him with significant amounts of cash.

The jury convicted Brooks on Count 1, the conspiracy charge, but acquitted him on Count 2, the substantive robbery charge. The court sentenced Brooks to 124 months' imprisonment, followed by three years of supervised release.

On appeal, Brooks first argues that he received ineffective assistance of counsel when, after the jury verdict, his counsel failed to move under Rule 33 for a new trial on the

2

ground that the jury's guilty verdict was against the weight of the evidence. "To establish an ineffective assistance of counsel claim, a defendant must show (1) that counsel's performance was not objectively reasonable and (2) that counsel's deficient performance prejudiced him." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (citing *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017)). When a defendant raises such a claim on direct appeal, "we review it *de novo*, and we will reverse only if it '*conclusively appears in the trial record itself* that the defendant was not provided . . . effective representation.'" *Id.* (quoting *United States v. Fisher*, 477 F.2d 300, 302 (4th Cir. 1973)).

Assuming *arguendo* that counsel's performance was not objectively reasonable, Brooks cannot conclusively establish from the trial record that he was prejudiced by that performance. In considering a Rule 33 motion based on the weight of the evidence, "the trial court's discretion should be exercised sparingly, and a new trial should be granted *only when the evidence weighs heavily against the verdict*." *United States v. Arrington*, 757 F.2d 1484, 1486 (4th Cir. 1985) (emphasis added). Yet, in discussing the jury's guilty verdict on Count 1, the district court made plain that it agreed with that verdict. Brooks has not conclusively shown ineffective assistance of counsel, as required on direct appeal.

Brooks alternatively argues that he has at least raised a "colorable" claim of ineffective assistance, which in some of our sister circuits would entitle him to a remand for an evidentiary hearing. However, that is not this Circuit's practice. *E.g.*, *United States v. Gooding*, 594 F. App'x 123, 131 (4th Cir. 2014) (per curiam).

3

Brooks next challenges the jury instructions. He requested, but was denied, an instruction defining "reasonable doubt." While recognizing that a court is not *required* under our precedent to define reasonable doubt, *e.g.*, *United States v. Hornsby*, 666 F.3d 296, 310 (4th Cir. 2012), Brooks contends that the district court was under the mistaken impression that it was *forbidden* from issuing such an instruction.

We disagree. Upon our review, we conclude that the district court clearly recognized that, while we have stopped short of actually forbidding district courts from defining "reasonable doubt," we have repeatedly warned them away from doing so. *E.g.*, *United States v. Hawkins*, 776 F.3d 200, 213 n.9 (4th Cir. 2015) (concluding that "clear precedent establishes that denial of the instruction was proper" where, as here, the jury did not specifically request that the court define "reasonable doubt"); *United States v. Lighty*, 616 F.3d 321, 380 (4th Cir. 2010) ("Our reluctance to require instructions defining reasonable doubt stems from our belief that attempting to explain the words 'beyond a reasonable doubt' is more dangerous than leaving a jury to wrestle with only the words themselves." (some internal quotation marks omitted)). The district court's evaluation of Brooks's request was consistent with our precedent.

Finally, Brooks argues that the Government failed to properly establish the interstate-commerce element of Count 1. However, he concedes that the evidence was sufficient to show the "minimal effect" on interstate commerce necessary to support a Hobbs Act conviction under our precedent. *United States v. Tillery*, 702 F.3d 170, 174 (4th Cir. 2012). He raises the issue only to preserve a challenge to the "minimal effect" test for en banc or Supreme Court review.

4

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*